# EXHIBIT "1"

**<u>DEFENDANTS MOLDEX INC. AND PAVLO KOSHTERYK'S
NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(B)
(DIVERSITY)</u>**

NO. **C-3391-21-F** _____

| | | |
|---|---|---|
| **MARVIN GUAJARDO** | § | **IN THE DISTRICT COURT** |
| Plaintiff, | § | |
| | § | |
| VS. | § | **JUDICIAL DISTRICT** |
| | § | |
| **MOLDEX INC.**, and | § | |
| **PAVLO KOSHTERYK**, | § | |
| Defendants. | § | **HIDALGO COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITON, JURY DEMAND, NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff, Marvin Guajardo, complaining of Defendants Moldex Inc., and Pavlo Koshteryk, hereinafter referred to as "Defendants", and for cause of action show unto the Court the following:

### I.
### CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN

Plaintiff seeks damages including punitive damages over $1,000,000.00, pursuant to Tex. R. Civ. P. 47 (c)(4). Plaintiff intends that discovery be conducted under Discovery Level 3.

### II.
### PARTIES AND SERVICE

Plaintiff, Marvin Guajardo, is an individual whose address 3306 Saturn Street, Edinburg, Texas 78542.

Defendant, Moldex Inc, a nonresident for profit corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Ion Repida, 1201 Central Ave., #5N, Lake Station, Indiana 46405. Service of said Defendant as described above can be affected by certified mail, return receipt requested.

C-3391-21-F

Defendant, Pavlo Koshteryk, a nonresident, may be served with process at his home at the following address: 8557 Sunridge Drive, Ooltewah, Tennessee 37262, or wherever he may be found. Service of said Defendant as described above can be affected by personal delivery.

### III.
### JURISDICTION AND VENUE

The subject matter in controversy exceeds the minimum jurisdictional limits of this Court.

This court has jurisdiction over Defendants Moldex Inc. and Pavlo Koshteryk because said Defendants purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

Venue in Hidalgo County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### IV.
### FACTS

On or about January 20, 2021, Plaintiff Marvin Guajardo, while operating an automobile, was stationary at the 3600th block of North 25th Avenue in Edinburg, Hidalgo County, Texas.

At all times relevant, Defendant Pavlo Koshteryk was operating a tractor-trailer headed northbound in the lane adjacent to the Plaintiff's automobile.

Suddenly and warning, Defendant Paylo Koshteryk, failing to keep a proper lookout, made a right turn from an improper lane and violently struck Plaintiff's vehicle. As a result of the violent collision, Plaintiff sustained serious bodily injuries and extensive property damage.

**C-3391-21-F**

Upon information and belief, Defendant Paylo Koshteryk was operating the tractor-trailer within the course and scope of his employment with Defendant Moldex Inc. Because Defendant Pavlo Koshteryk was acting within the scope of his employment with Defendant Moldex Inc., Defendant Moldex Inc., is liable for the negligent acts and omissions of its agents, servants, and/or employees, namely Defendant Pavlo Koshteryk under the doctrine of *respondeat superior*. Additionally, upon information and belief, Defendant Pavlo Koshteryk was an incompetent driver and Defendant Moldex Inc., negligently entrusted the vehicle driven by him at the time of the subject crash

## V.
## CAUSES OF ACTION – NEGLIGENCE AGAINST DEFENDANT MOLDEX, INC.

On or about January 20, 2021, and at all times mentioned herein, Plaintiff alleges that Defendant Moldex Inc., acting through its employee, Defendant Pavlo Koshteryk, who was at all times acting within the scope of his employment. Defendant Pavlo Koshteryk was engaged in furtherance of Defendant Moldex Inc.'s business. Because Defendant Pavlo Koshteryk was engaged in accomplishing a task for which he was employed and acting within the course and scope of his employment with Defendant Moldex Inc., when the crash occurred, Defendant Moldex Inc., is liable to Plaintiff under the doctrine of *respondeat superior*.

Upon information and belief, Moldex Inc., was negligent in training Defendant Pavlo Koshteryk; in failing to supervise Defendant Pavlo Koshteryk; and retaining Defendant Pavlo Koshteryk. Plaintiff alleges that had Defendant Moldex Inc.'s agents properly trained Defendant Pavlo Koshteryk this incident could have been avoided.

At all times pertinent, Defendant Moldex Inc., and any of its agents, who were acting with their scope of employment were guilty of negligent conduct towards Plaintiff by:

Case 7:21-cv-00382  Document 1-1  Filed on 10/06/21 in TXSD  Page 5 of 10

Electronically Filed
8/24/2021 11:26 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3391-21-F

A. Failing to train its employees regarding proper procedures on following distance and stopping distance;

B. Failing to train its employees regarding the importance of maintaining a reasonable speed while operating its motor vehicles;

C. Failing to trains its employees regarding the importance of maintaining a reasonable distance from other vehicles;

D. Failing to supervise its agents, servants and/or employees to insure the safety of other drivers on the roadway;

E. Failing to establish and enforce reasonable and adequate policies and/or procedures regarding driving their vehicle;

F. Failing to establish and enforce reasonable and adequate policies and/or procedures regarding the transportation of cargo, equipment and/or machinery;

G. Failing to reduce or eliminate the likelihood of harm which Defendant knew or should have known.

These conditions and activities existed even though Defendant Moldex Inc.'s agents knew or through the exercise of due diligence should have known of the existence of the aforementioned and that there was likelihood of a person being injured as occurred to Plaintiff.

Furthermore, Plaintiff would show the Court that had Defendant Moldex Inc.'s agents exercised ordinary care in the maintenance and/or supervision of such activity, it would have been noticed and corrected by such persons.

Plaintiff alleges that each and every, all and singular, of the foregoing acts and/or omissions on the part of Defendant Moldex Inc., constituted negligence which was and is a direct and proximate result of Plaintiff's serious bodily injuries.

At all times material hereto, all of the agents, servants, and/or employees for Defendant Moldex Inc., who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant Moldex Inc., is further liable for the negligent

Case 7:21-cv-00382   Document 1-1   Filed on 10/06/21 in TXSD   Page 6 of 10

Electronically Filed
8/24/2021 11:26 AM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-3391-21-F

acts and omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior*.

## VI.
## CAUSES OF ACTION – NEGLIGENT ENTRUSTMENT AGAINST DEFENDANT MOLDEX, INC.

On January 20, 2021, Defendant Moldex Inc., was the owner of the vehicle operated by Defendant Pavlo Koshteryk.

Defendant Moldex Inc., entrusted the vehicle to Defendant Pavlo Koshteryk, a reckless and incompetent driver.

Defendant Moldex Inc., through the exercise of reasonable care should have known that Defendant Pavlo Koshteryk was a reckless and incompetent driver.

As described herein, Defendant Pavlo Koshteryk was negligent on the occasion in question.

Defendants were the proximate cause of Plaintiff's serious bodily injuries.

## VII.
## CAUSES OF ACTION – NEGLIGENCE AGAINST DEFENDANT PAVLO KOSHTERYK

Defendant Pavlo Koshteryk was negligent with respect to the acts and omissions described below. Defendant's negligence consisted of, but is not limited to, the following:

A. Failing to keep a proper lookout for Plaintiff's safety; Texas Transportation Code §545.401;

B. Failing to control the speed of his vehicle; Texas Transportation Code §545.351;

C. Failing to control the operation of his vehicle;

D. Failing to avoid the incident in question;

E. Driver inattention; Texas Transportation Code §545.401;

F. Failing to take reasonable action in applying his vehicle's brakes;

G. Taking faulty evasive action;

C-3391-21-F

H. Distracted driving; Texas Transportation Code §545.401; and

I. Failing to drive as a reasonable and prudent person would have driven under the same or similar circumstances.

Each of these acts and/or omissions of Defendant Pavlo Koshteryk, whether taken singularly or in any combination constitutes negligence and negligence per se which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future.

## VIII.
## DAMAGES FOR PLAINTIFF MARVIN GUAJARDO

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Marvin Guajardo was caused to suffer bodily injury, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Hidalgo County, Texas.

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earnings in the past;

H. Loss of earning capacity which will, in all probability, be incurred in the future;

I. Disfigurement in the future;

J. Mental anguish in the past;

C-3391-21-F

K. Mental anguish in the future; and

L. Cost of medical monitoring and prevention in the future.

## IX.
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED BY DEFENDANTS IN RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

Plaintiff hereby serves notice that Plaintiff intends to use any and all documents produced by the Defendants in response to written discovery propounded to Defendants. As such, the produced documents are self-authenticating pursuant to TRCP, Rule 193.7.

## X.
## PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANTS OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

Plaintiff hereby serves notice to the Defendants, pursuant to TRCE, Rule 609(f), that Plaintiff demands timely written notice by Defendants if Defendants seek the admission of criminal convictions, as defined in TRCE, Rule 609(a) against any witness designated by any party as a relevant fact witness, testifying expert witness and/or any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert witness.

## XI.
## REQUIRED DISCLOSURES

Defendants are requested to disclose, within thirty (30) days of the filing of their Original Answer, the information and documents required by Rule 194.2 (b) (1-12).

## XII.
## JURY DEMAND

Plaintiff demands a trial by jury.

C-3391-21-F

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citations be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendants for actual and punitive damages, together with prejudgment interest, post-judgment interest, court costs, temporary restraining order, temporary injunctions and such other relief, at law or in equity to which Plaintiff may be entitled.

Respectfully submitted,

**VILLARREAL & BEGUM**

*By:* /s/ *Mario A. Cisneros*
Mario A. Cisneros
State Bar No.: 24065048
2401 Wild Flower, Suite B
Brownsville, Texas 78526
Tel: (956) 982-1800
Fax: (956) 982-2602
Email: mcisneros@texaslegalgroup.com
**ATTORNEYS FOR PLAINTIFF**

For e-service purposes, send documents to BrownsvilleLegal@begumlawgroup.com.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Ana Davila on behalf of Mario Cisneros
Bar No. 24065048
adavila@texaslegalgroup.com
Envelope ID: 56592933
Status as of 8/24/2021 11:59 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mario Cisneros | | BrownsvilleLegal@begumlawgroup.com | 8/24/2021 11:26:50 AM | SENT |